MILTON E. JACOBOWITZ, Appellant, v. HERBERT A. POSNER, Respondent, et al., Defendants

No opinion. Brennan, Hopkins, Munder and Nolan, JJ., concur; Beldock, P. J., dissents in part and votes to modify the order so as to deny respondent's cross motion for summary judgment and to reverse the judgment, with the following memorandum: Appellant, an attorney and the duly elected Democratic Party leader of the Rockaways, and respondent, Herbert A. Posner, an accountant and attorney, were opponents in a primary campaign for the election of the nominee of the regular Democratic Party of the Rockaways for the office of Assemblyman from the 19th Assembly District of Queens County. During the campaign, respondent allegedly made statements about appellant in some campaign literature which was distributed to the public. These statements were alleged to be false, libelous and defamatory, and composed, published and distributed maliciously, wantonly, carelessly and recklessly, to appellant's substantial damage. Respondent's answer to the complaint, in addition to denials, contained affirmative defenses, alleging, *inter alia*, that the defamatory statements (a) involved matters of public interest and concern, (b) were made in good faith, in the belief that they were true, and without malice, (c) constituted fair comment and (d) were published in the exercise of respondent's constitutional right of free speech and free press. While I agree that, by becoming a candidate for public office, appellant subjected himself to public scrutiny and his qualifications became matters of public concern (cf. *Gilberg* v. *Goffi,* 21 A D 2d 517; *Sheridan* v. *Crisona,* 14 N Y 2d 108), I am nevertheless of the opinion that some of the aspects of his conduct which were calumniated by respondent are sufficiently within the periphery of that "gray area" of official and unofficial conduct, referred to by Mr. Justice Goldberg in *New York Times Co.* v. *Sullivan* (376 U. S. 254), so as to render them borderline objects of privileged comment, and warrant, at least, a less cursory appraisal of the issue of actual malice than was reflected herein when summary judgment was granted. I would be inclined to afford greater latitude, in the area of qualified privilege, to a newspaper, charged with the responsibility of keeping the public fully and fairly informed, than to an opposing candidate in a local campaign, who is motivated by personal gain and who is less inclined toward fair and informative comment. In my opinion, (a) the "Not Wanted" handbill, referring to appellant, cast in a criminal setting with criminal intonations, (b) the characterizations of some of appellant's relatively normal political activities as traveling with a "mob" of political clubhouse jobholders and (c) the admonition that the public will only have itself to blame if it stays away or votes for appellant and his running mate, who have "indicted" themselves by their unworthy connection with private real estate and business interests, were instances, *inter alia,* of calumniation, calculated to cast appellant in a role suggestive of criminal involvement, and exceeded the bounds of robust criticism and sharp attack on government and public officials, which in the interests of an uninhibited debate on public issues were recognized as being in permissive discharge of a profound national commitment thereto in *Rosenblatt* v. *Baer* (383 U. S. 75, 85, 86) and in *New York Times Co.* v. *Sullivan* (*supra*). I accordingly find, at bar, sufficient indicia of malice and reckless disregard of the truth to warrant denying summary judgment and relegating the alleged vilifying literature to a more thorough appraisal at a trial, at which all relevant facts and circumstances on the issue of malice may be adduced.